

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded by*
*art. 29d. r. c. s.*

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-2932
Re: Status of McLennan County
with respect to Article
5139, Revised Civil Statutes,
1925

We are in receipt of your opinion request
wherein you inquire relative to the status of McLennan
County in connection with Article 5139, Revised Civil
Statutes, 1925. You inquire particularly as to
(1) whether or not district judges whose courts are
located in McLennan County are entitled to $1,500
additional annual salaries for their services as
members of the County Juvenile Board; (2) if the
district judges are entitled to such compensation,
from what beginning date should the salaries be cal-
culated; (3) if the district judges are entitled to
such compensation, does the commissioner's court
have a legal basis for exercising discretion in de-
termining whether or not to order payment.

You have advised us that the population of
McLennan County, according to the 1930 census, was,
in round numbers, 98,000. But the United States
Official Census of 1940 shows the population of
McLennan County to be 101,824. Further, that the
1940 census figures for McLennan County were pub-
lished by the census district supervisor on or
about June 28, 1940, and that immediately follow-
ing the publication of these census figures, pre-
liminary discussions were entered into and plans

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Tom A. Craven, page 2

made by the district judges affected, and the County
Judge of McLennan County, relative to the functioning
of a county juvenile board for McLennan County as pro-
vided under Article 5139, Revised Civil Statutes, and
the succeeding articles. That on August 26, officers
of such board were designated and other organization
details attended to with all eligible members of the
board participating.

Article 5139, Revised Civil Statutes of Texas,
1925, reads as follows:

> "In any county having a population of
> one hundred thousand or over, according to
> the preceding Federal census, the judges of
> the several district and criminal district
> courts of such county, together with the
> county judge of such county, are hereby
> constituted a Juvenile Board for such
> county. The annual salary of each of the
> judges of the civil and criminal district
> courts of such county as members of said
> board shall be $1,500 in addition to that
> paid the other district judges of the State,
> said additional salary to be paid monthly
> out of the general funds of such county,
> upon the order of the commissioners court."

We have carefully studied the above statute
and have made a search of the authorities which bear
upon the subject matter in controversy, and we have
particularly searched the decisions and opinions of the
superior courts relative to their writings upon the
constitutionality and application of the above quoted
statute. We have found the leading case in Texas to
be that of Jones v. Alexander, 59 S. W. (2d) 1080,
opinion by Judge Sharp of the Commission of Appeals
and adopted by the Supreme Court of Texas.

We quote from that opinion as follows:

Hon. Tom A. Craven, page 3

(at page 1082)

"Using the plain language of the
Constitution, which provides that the
district court shall have 'original
jurisdiction and general control over
. . . minors under such regulations as
may be prescribed by law,' as a basis upon
which to plant the validity of article
5139 et seq., which imposes additional
duties upon district judges in certain
counties for which extra compensation
will be allowed, and when considered
in connection with the many legislative
acts imposing many other duties not strict-
ly judicial upon district judges and the
decisions of our courts bearing upon this
question, we are unable to find any sound
reason for holding that this act contra-
venes section 40 of article 16 of the
Constitution or of any other provision
of the Constitution." (Our emphasis)

(at page 1083)

"The Constitution has placed no
limitation upon the Legislature as to the
amount of salaries to be paid district
judges. Therefore, the Legislature has
a right to pass an act lowering or raising
the salaries of district judges. In fixing
the amount of such salaries, the Legisla-
ture may take into consideration the popu-
lation and size of the county, its taxable
values, and the general conditions existing
therein. The Legislature in this instance
has seen fit to place certain additional
duties upon the district judges in certain
counties and has allowed extra compensation
for such service. In doing this, the Legis-
lature acted clearly within its constitu-
tional powers. Clark v. Finley, 93 Tex.
171, 54 S. W. 343, 346."

Hon. Tom A. Craven, page 4

Subsequent to the date that the case of Jones v. Alexander was passed upon by the Commission of Appeals of Texas and thereafter adopted by the Texas Supreme Court, the case of Holland v. Harris County (103 S. W. (2d) 1067) was appealed to the Court of Civil Appeals for the First Supreme Judicial District of Texas at Galveston, Texas. The Holland case involved the question of whether or not a "special district judge" would be entitled to recover in addition to the regular pay of the district judge an additional amount of money as a member of the Juvenile Board upon a per diem basis under authority of Article 6821 of the Revised Civil Statutes. This case necessarily involved the construction of Article 5139, Revised Civil Statutes, in connection with Article 6821.

During the time the Holland case was pending in the First Court of Civil Appeals, a certified question was submitted from that court to the Supreme Court pertinent to the questions involved in that controversy. Judge German, a member of the Commission of Appeals, in his opinion, which was subsequently adopted by the Supreme Court of Texas, in determining the questions presented to the court, wrote as follows:

(102 S. W. (2d) 196, at page 197)

". . . We think the question is settled by the plain language of the statute (Article 5139, Revised Civil Statutes) in light of the decision in the case of Jones v. Alexander, . . . (parentheses ours)

"The constitutionality of this article was upheld in the case of Jones v. Alexander, supra. The underlying principle upon which the law was sustained was the right of the Legislature to impose upon district judges additional duties and labors, not judicial in character, and because of such imposed additional duties to increase their salaries in a manner commen-

Hon. Tom A. Craven, page 5

surate with the services to be performed.
The language of the opinion clearly indi-
cates that the statute was construed as
establishing the annual salaries of dis-
trict judges in counties having a juvenile
board at a sum $1,500 per year higher than
the salaries paid judges who were not
members of such a board; and not as mere
additional compensation paid to such
judges for services as members of the juven-
ile board. It seems to be the clear import
of the statute to fix one salary of such
judges and not merely to pay them the salary
paid other judges and in addition to pay
them compensation of $1,500 per year for
acting as members of the juvenile board.
We think the purpose was not to pay them
$1,500 as members of the juvenile board,
but to increase their salaries $1,500 per
year because of the additional duties and
labors. This $1,500 is a part of their pay
as district judges. This being true, it
follows that under article 6821 the special
judge is entitled to receive the 'same pay'
as the regular district judge in whose be-
half he serves."

Therefore, in light of the wording of the
statute and the holdings of the Supreme Court of Texas
relevant to its application, and the facts presented to
us showing that McLennan County is now a County with a
population in excess of 100,000 persons, we accordingly
advise you as follows:

1. In answer to your first question, you
are advised that it is the opinion of this department
that the additional sum of $1,500 per year should be
allowed the regular judges of McLennan County.

2. This department has held in its opinion
No. 0-2337 addressed to the Hon. E. G. Mosely, Civil
District Attorney, Dallas, Texas, that the 1940 census

would become controlling when the figures were compiled and made available to the public. It is therefore the opinion of this department that the District Judges of McLennan County are entitled to such compensation beginning as of the date that McLennan County qualified under the statute as being a county "having a population of one hundred thousand or over,"

3. It is the opinion of this department that the Commissioner's Court of McLennan County has no legal basis for exercising a discretion in determining whether or not to order the payment of the additional amount specified in the statute.

Trusting that the above satisfactorily answers your questions, we are,

APPROVED DEC 10, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Edgar W. Cale
Assistant

EWC:LW



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN